IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 1:07 CR 59 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Jamal Jerome Glenn, | |
| Defendant. | |

Defendant, Jamal Jerome Glenn, is charged with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841, carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Defendant has moved to suppress evidence seized on October 29, 2005 (Doc. Nos. 16-17) An evidentiary hearing was held on August 2, 2007. For the following reasons, the Court denies Defendant's Motion to Suppress.

## FINDINGS OF FACT

Around midnight on October 29, 2005, Defendant was a passenger in a Dodge Neon that Grand Rapids police officers observed parked in the parking lot of Miss Tracy's Party Store on Franklin SE. Officer Todd Wuis observed Defendant exit the Neon and enter the passenger side of another vehicle parked in the lot, where Defendant remained for several minutes. Officer Wuis then observed Defendant return to the passenger side of the Neon, at which point the Neon exited the parking lot. Officer Wuis, followed by Sergeant Ryan McClimons in another patrol vehicle, followed the Neon.

Officer Wuis lawfully stopped the Neon for having a defective license plate light. (The driver later pled guilty to this charge.) Sergeant McClimons observed Defendant lean forward in the passenger seat shortly before the Neon came to a stop after turning a corner. The driver was arrested for not having his driver's license on his person. The officers intended to search the Neon and ordered Defendant from the vehicle. The officers attempted to pat down Defendant, but Defendant resisted. A struggle ensued and Defendant was subdued and arrested,[1] at which point the officers discovered on Defendant's person and in Defendant's jacket the drugs and weapon sought to be suppressed. A subsequent check of Defendant's drivers license number revealed an outstanding bench warrant for his arrest.

## CONCLUSIONS OF LAW

The Court finds that, following the arrest of the driver of the Neon, the officers' ordering Defendant from the Neon, requesting Defendant's identification, and then patting down Defendant was justified because the officers had a reasonable suspicion of criminal activity based on their observations, particularly the Defendant's activity in the parking lot which was a known area of drug trafficking, and Sergeant McClimons' observance of Defendant leaning forward in his seat just prior to the Neon coming to a stop. *See United States v. Colin*, 928 F.2d 676, 678 (5th Cir. 1991); *United States v. Bailey*, 302 F.3d 652, 657-59 (6th Cir. 2002). A police officer conducting a traffic stop may order a passenger out of a vehicle and conduct a pat down search if the officer has a reasonable suspicion based on articulable facts that the passenger may be armed or dangerous. *Terry v. Ohio*, 392 U.S. 1, 27 (1968); *Maryland v. Wilson*, 519 U.S. 408 (1997).

---

[1] The traffic stop and initial scuffle were captured on the patrol car's video camera, although most of the scuffle occurred out of view of the camera.

2

Moreover, and in any event, the Court further finds that because the officers intended to run a check on Defendant's drivers license, they would have discovered the bench warrant for Defendant's arrest, subsequently arrested him, searched him incident to that arrest, and then discovered the evidence at issue here. The evidence is thus admissible under the "inevitable discovery" doctrine. *See United States v. White*, 326 F.3d 1135, 1138 (10th Cir. 2003). That doctrine provides that even if the initial search and arrest was unlawful, if the evidence inevitably would have been discovered by lawful means then the exclusionary rule does not apply. *Id.*

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence (Doc. No. 16) is **DENIED**.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 17, 2007